UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LUIS SUAREZ-LOPEZ,

    Petitioner,

v.                                          Case No. 3:18-cv-1489-J-34PDB

MATTHEW G. WHITAKER,
et al.,

    Respondents.

## ORDER

Petitioner Jose Luis Suarez-Lopez, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1) on December 17, 2018.[1] Suarez-Lopez contends that the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) has unlawfully detained him for more than ninety days awaiting deportation or release. Petition at 2-6 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). He states an immigration judge entered an order of removal on August 31, 1993, and ICE took him into custody on October 29, 2018. Id. at 3. Respondents have submitted a brief in response. See United States' Motion to Dismiss and/or Response to Show Cause Order (Response; Doc. 5), with exhibits (Resp. Ex.). Suarez-Lopez did not file a reply brief.

After an order of removal is final, ICE is required to make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. In Zadvydas, the Supreme

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. As such, "[a] six-month custodial period of time following the order of removal must have elapsed **prior to** the filing of a habeas petition challenging confinement under Zadvydas." Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n.3 (11th Cir. 2002)) (emphasis added). See also Aleman v. Jeff Sessions, No. 3:18-cv-1129-J-32JBT (M.D. Fla. Sept. 24, 2018); Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *1 (M.D. Fla. May 5, 2011) (unpublished) (recognizing Eleventh Circuit determined six-month period must have expired at time the petition raising Zadvydas claim is filed).

In their Response, Respondents represent that Suarez-Lopez has been released from ICE detention and, therefore, they contend the Petition should be dismissed as moot. Response at 1. Attached to the Response as an exhibit is an order of supervision that ICE issued as to Suarez-Lopez, and it reflects that ICE released him on February 8, 2019. Resp. Ex. 1. In addition, the website for the U.S. Immigration and Customs Enforcement reflects that Suarez-Lopez is no longer in ICE custody.[2] Based on this record, the Court finds Suarez-Lopez has been released and the relief Suarez-Lopez seeks in his Petition is due to be dismissed as moot.

If Suarez-Lopez seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial

---

[2] See ICE Online Detainee Locater System, available at https://locator.ice.gov/odls/#/index (last visited Mar. 26, 2019).

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Suarez-Lopez "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED as moot**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing with prejudice the Petition and dismissing this case with prejudice.

3. If Suarez-Lopez appeals the dismissal of the case, this Court denies a certificate of appealability. Because the Court has determined that a certificate of

3

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of April, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Jose Luis Suarez-Lopez, A-022-802-264
Counsel of record

4